Case 09-00945    Doc 16    Filed 01/26/10.    Entered 01/27/10 09:51:39    Desc Main
Document    Page 1 of 3
09-00945:12.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 1/20/2010 4:06:58 PM by:Terri Long Page 1 of 3

1/26 @ 10:30a.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of:<br><br>HENRY T. WHITE, JR.,<br><br>Debtor.<br><br>_____<br><br>FIFTH THIRD BANK,<br><br>Plaintiff.<br><br>v.<br><br>HENRY T. WHITE, JR.,<br><br>Defendant. | Bankruptcy No. 09-25499<br>CHAPTER 13<br><br><br>JUDGE JACK B. SCHMETTERER<br><br><br>ADV NO. 09-00945 |

## FINDINGS OF FACT & CONCLUSIONS OF LAW

FIFTH THIRD BANK, the Plaintiff herein, by TERRI M. LONG, its attorney, requests that the Court adopt the following Findings of Fact and Conclusions of Law, and enter judgment in favor of the Plaintiff in this matter.

## FINDINGS OF FACT

1. That the Defendant held a credit card Account with Plaintiff, Account number ending with 8020 under which Plaintiff extended credit to Defendants under an open-ended credit card agreement (the "Account").

2. That the balance owed to Plaintiff on the Account as of July 14, 2009, the date of the Defendant's, bankruptcy petition was $22,266.00.

3. That in April and in June 2009, the Debtor made purchases totaling $13,427.00.

4. That the Defendant was insolvent at the time of each and every transaction.

5. That Defendant knew, or should have known, that at the time of each transaction that he could not afford to repay Plaintiff.

6. That Defendant made the purchases in anticipation of filing this bankruptcy.

7. That the Defendant, as such, falsely represented his ability and intent to repay Plaintiff, and Plaintiff reasonably relied upon such representations to its detriment.

## CONCLUSIONS OF LAW

8. That the purchases made in June were made within 90 days prior to the filing of the Defendant's bankruptcy petition, and constitute luxury goods.

9. That pursuant to 11 U.S.C. §523(a)(2)(A), money, property, services, or an extension, renewal, or refinancing of credit are nondischargeable to the extent that they are obtained by false pretenses, a false representation, or actual fraud.

10. That Defendant obtained money, property, and/or services through an extension of credit advanced by the Plaintiff on the credit card Account.

11. That the money, property, and/or services obtained by the Defendant through the credit card Account and the credit advanced by the Plaintiff on the Account were obtained by Defendant's false representations, false pretenses, or actual fraud.

12. That as such, Defendant's debt to Plaintiff is non-dischargeable pursuant to 11 U.S.C.§523(a)(2)(A).

13. That the cash withdrawals obtained on the Account in the month preceding the bankruptcy are nondischargeable.

14. That pursuant to 11 U.S.C. §523 (a)(2)(C)(i)(I), a debt owed to a single creditor and aggregating more than $550.00 for luxury goods or services incurred within 90 days before the order for relief are presumed nondischargeable.

15. That Plaintiff is entitled to a money judgment in the amount of, $13,427.00 plus interest at the statutory rate from the date of judgment, plus its costs and attorneys fees incurred herein.

16. That Plaintiff is entitled to an order declaring this judgment nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(2)(C)(i)(I).

Respectfully submitted by:
FIFTH THIRD BANK, its Successors and/or Assigns

BY: /s/ Terri M. Long
TERRI M. LONG

Enter: [signature]
Judge

JAN 26 2010

TERRI M. LONG
LAW OFFICES OF TERRI M. LONG
18201 Morris Avenue
Homewood, Illinois 60430
Phone: (708) 922-3301  Fax: (708) 922-3302
Atty. for Plaintiff FIFTH THIRD BANK, its Successors and/or Assigns